IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VINCENT JOHN BAZEMORE, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0720-B |
| | § | |
| WALT M. JUNKER, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening

pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings

and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Vincent John Bazemore, Jr., a federal prisoner,

against two federal prosecutors and an FBI agent.[1]  On April 8, 2010, plaintiff tendered a complaint

to the district clerk and filed an application to proceed *in forma pauperis*.  Because the information

provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute

this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed.

Written interrogatories then were sent to plaintiff in order to obtain additional information about the

factual basis of his suit.  Plaintiff answered the interrogatories on April 27, 2010.  The court now

determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[1]  Plaintiff also names "Does 1-10" as defendants.  However, federal law does not authorize joining fictitious defendants in a civil rights action. *See Vollmer v. Bowles*, No. 3-96-CV-0081-D, 1997 WL 102476 at *2 (N.D. Tex. Feb. 28, 1997), *citing Taylor v. Federal Home Loan Bank Bd.*, 661 F.Supp. 1341, 1350 (N.D. Tex. 1986).

II.

In 2009, defendant was convicted of securities fraud and sentenced to 60 months confinement. The district court also ordered defendant to pay more than $15.7 million in restitution. In an effort to collect this sum, the government sought and obtained seizure warrants for a 2008 BMW automobile, a 2008 Toyota truck, a $360,000 annuity held by Principal Life Insurance Company, and a $350,000 note receivable secured by certain real property in Denton, Texas. The seizure warrants were executed by FBI Agent Deen Abbott under the direction of Assistant U.S. Attorneys Walt Junker and Alan Buie. In his complaint and interrogatory answers, plaintiff alleges that he was selectively prosecuted by the government because of his race and that the seizure of this property, all of which is owned solely by his wife, Angelee Bazemore, violated his constitutional rights. (*See* Plf. Compl. at 9). By this suit, plaintiff seeks $200,000 in compensatory damages, $12 million in punitive damages, and the immediate return of the seized property to his wife.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

## B.

The court initially observes that plaintiff has failed to state a claim for relief against Assistant U.S. Attorneys Walt Junker and Alan Buie. As prosecutors, these defendants have absolute immunity for actions taken within the scope of their jurisdiction. *See Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976). The claims against these defendants should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(iii).

## C.

Moreover, plaintiff's claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the Supreme Court held that a party may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *Heck*, 114 S.Ct. at 2372. This rule applies equally to civil rights actions against federal employees under *Bivens*. *See Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994). The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity of his conviction

or sentence[.]" *Heck*, 114 S.Ct. at 2372.  If so, the claim is barred unless the conviction has been

reversed or declared invalid. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121

S.Ct. 384 (2000).

It is clear from plaintiff's complaint and interrogatory answers that his federal conviction and

restitution order have never been reversed or declared invalid by any court. (*See* Plf. Compl. at 6;

Mag. J. Interrog. #7).  Consequently, plaintiff's claims are *Heck*-barred. *See, e.g. Dadi v. Hughes*,

67 Fed.Appx. 242, 2003 WL 21108550 at *1 (5th Cir. Apr. 22, 2003), *cert. denied*, 124 S.Ct. 425

(2003) (claim that defendant was "innocent owner" of property subject to forfeiture following

criminal conviction was barred by *Heck*); *Williams v. Martinez*, 74 Fed.Appx. 406, 2003 WL

22048208 at *1 (5th Cir. Sept. 3, 2003) (same as to claim for malicious or selective prosecution).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found.  An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  May 3, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE